IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

**UNITED STATES OF AMERICA**,

v.

**ROBERT KIER, JR.**,

Defendant.

Case No. 7:12-CR-12 (HL)

### ORDER

On October 23, 2012, Defendant Robert Kier, Jr., entered a plea of guilty to Counts 2 and 3 of the indictment in this case (Doc. 66). Defendant entered the plea pursuant to a plea agreement (Doc. 65) wherein Defendant waived his right to appeal. Defendant was sentenced on June 3, 2013 (Doc. 108). That same date, Defendant waived his right to appeal the conviction and sentence (Doc. 105).

On April 1, 2014, Defendant filed a *pro se* Notice of Appeal of the final judgment of this court (Doc. 127). His appeal is pending in the Eleventh Circuit Court of Appeals, denominated as Appeal No. 14-11400.

William R. Folsom, Esq., of Valdosta represented Defendant in this case. Upon entry of Defendant's sentence (Doc. 108) and Defendant's waiver of his appellate rights (Doc. 105), this Court considered the case closed and Mr. Folsom's duties as counsel fully discharged. However, the Court entered no formal order discharging Mr. Folsom. The Court did enter an order on September 23, 2013 (Doc. 117) finding that Defendant's motion to discharge Mr. Folsom (Doc. 116) was moot inasmuch as the case is concluded, and there is no case from which to discharge Mr. Folsom.

Defendant is indigent. He is entitled to court representation by counsel on appeal. Either this Court or the Court of Appeals must appoint counsel to represent Defendant on appeal. This Court considered Mr. Folsom discharged as of the entry of the judgment and the filing of Defendant's waiver of appeal. Mr. Folsom is now discharged from his representation of Defendant.

This Court declines to reappoint Mr. Folsom to represent Defendant on appeal for three reasons. First, Mr. Folsom has long been discharged from his representation of Defendant. This Order formalizes his discharge. Second, it is evident that Defendant prefers not to be represented by Mr. Folsom. Third, Defendant, with the counsel of Mr. Folsom, twice waived his right to appeal, both prior to entering his guilty plea as well as upon sentencing. This Court believes that interjecting Mr. Folsom back into the case at this point will inevitably lead to conflicts between Mr. Folsom and Defendant, leading to disqualification of Mr. Folsom.

This Court respectfully recommends that the Eleventh Circuit Court of Appeals appoint counsel to represent Defendant on appeal.

**SO ORDERED** this 18th day of April, 2014.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

aks