IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

**ROBERT L. KIER, JR.**,

    Petitioner,

v.

**UNITED STATES OF AMERCIA,**

    Respondent.

Case No. 7:12-CR-12 (HL)

## ORDER

Before the Court is Petitioner Robert L. Kier, Jr.'s Motion to Obtain Production or Disclosure of Material or Information. (Doc. 199). For the following reasons, Petitioner's motion is DENIED.

On October 23, 2012, Petitioner pled guilty pursuant to a plea agreement to two counts of a four-count indictment: Count Two, Possession of Stolen Firearms; Count Three, Possession of Stolen Goods. (Doc. 65). The Court sentenced Defendant to a total term of imprisonment of 168 months, to be followed by six years supervised release. (Doc. 108). Petitioner waived his right to appeal his conviction. (Doc. 105).

Petitioner filed his first motion to vacate pursuant to 28 U.S.C. § 2255 on February 4, 2014. (Doc. 124). After holding an evidentiary hearing, the Court denied Petitioner's § 2255 motion. (Doc. 182). Petitioner appealed the denial. The Eleventh Circuit Court of Appeals then denied Petitioner a certificate of

appealability. (Doc. 189). Petitioner filed his second § 2255 motion on June 25, 2018 (Doc. 196), which the Court denied as an unauthorized second or successive motion to vacate. (Doc. 196). The Eleventh Circuit subsequently denied Petitioner's application for leave to file a second or successive motion to vacate. (Doc. 198).

Petitioner has now filed the present motion, asking the Court to order the Government to produce any statements or reports utilized in the prosecution of his case. Petitioner represents that these materials are needed as exhibits to his pending second or successive § 2255 motion.[1] Petitioner cites to a variety of rules and regulations under which he pursues these documents, none of which authorize the relief he requests.[2]

To the extent that Petitioner seeks documents that properly fall under the tenets of Brady v. Maryland, 373 U.S. 83 (1963), Petitioner's request is procedurally improper. Under Brady, "due process requires a prosecutor to disclose material exculpatory evidence to the defendant before trial," but there is

---

[1] Apparently, at the time of filing the present motion, Plaintiff had yet another application to file a second or successive motion pending before the Eleventh Circuit. The Eleventh Circuit denied Petitioner's application on January 9, 2019. (Doc. 200).

[2] For example, Petitioner cites to 28 C.F.R. 16.1, which provides guidance for obtaining records under the Freedom of Information Act, 5 U.S.C. § 552. He also cites to 28 U.S.C § 3511(a), which authorizes judicial review of certain types of requests for information, including counterintelligence access to communication devices, and records pertaining to the Fair Credit Reporting Act, the Right to Financial Privacy Act, or the National Security Act of 1947, none of which apply to the circumstances at hand.

"nothing in our precedents suggest[ing] that this disclosure obligation continue[s] after" a defendant is convicted and the case closed. District Attorney's Office for the Third Judicial Dist. v. Osborne, 557 U.S. 52, 68 (2009). The Eleventh Circuit has explained that the "rule regarding exculpatory evidence announced in Brady applies after trial when it is discovered that the prosecution had material information of which the defense was unaware." United States v. Arias-Izquierdo, 449F.3d 1168, 1189 (11th Cir. 2006) (citing United States v. Agurs, 427 U.S. 97, 103 (1976)). However, the Eleventh Circuit has declined to order discovery where, as here, the request is "based upon mere speculation as to whether the material would contain exculpatory evidence because to do so would convert Brady into a discovery device and impose an undue burden upon the district court." Id. (quotation marks and citation omitted).

Petitioner's motion requests disclosure of the following:

(1) the "criminal complaint filed by federal officer;"

(2) "all statements and reports from the Government made by their witnesses in this case;" and

(3) "all exculpatory evidence that was used by the Government that was alleged to be used to prove he in fact committed the crimes listed in the counts of his indictment."

(Doc. 199, p. 4). In short, Petitioner's motion is a fishing expedition to unearth information he hopes may prove to be exculpatory. While he presents his request

under the cloak of Brady, what he is seeking is speculative post-conviction discovery without a proper procedural basis.

Petitioner also cites to 18 U.S.C. § 3500, also known as the Jencks Act. Petitioner's reliance on the Jencks Act is similarly misplaced. The purpose of the Jencks Act is to establish a process by which a defendant may demand production of witness statements to impeach government witnesses during cross-examination at trial. See United States v. Williams, 180 F. App'x 108, 109 n.2 (11th Cir. 2006) (citing United States v. Prieto, 505 F.2d 8, 11 (5th Cir. 1974)). As Petitioner purports to seek the requested materials in pursuit of post-conviction relief, this rule is inapplicable.

Furthermore, in general, grand jury proceedings are secret, and transcripts of the proceedings may only be released under limited circumstances. See Fed. R. Crim P. 6(e)(3)(E)(i); United States v. Aisenberg, 358 F.3d 1327, 1346 (11th Cir. 2004). "A party seeking grand jury transcripts bears the burden of showing that (1) the material sought is needed to avoid a possible injustice in another judicial proceeding; (2) the need for disclosure outweighs the need for continued secrecy; and (3) the request is structed to embrace only necessary material." Williams, 180 F. App'x at 109 (citing Douglas Oil Co. of Cal. v. Petrol Stops Northwest, 441 U.S. 211 (1979); United Kingdom v. United States, 238 F.3d 1312, 1320-21 (11th Cir. 2001)). A party seeking grand jury material must

demonstrate a "particularized need" and may not rely on generalized allegations. United States v. Burke, 856 F.2d 1492, 1496 (11th Cir. 1988).

The Court need only address the first requirement. Petitioner states in his motion that he is awaiting authorization from the Eleventh Circuit to file a second or successive § 2255 motion. That request has since been denied. (Doc. 200). Petitioner, therefore, has failed to establish that the generalized materials he seeks are necessary to avoid injustice in another judicial proceeding.

Finding that Petitioner's motion lacks any appropriate procedural basis, the Court DENIES the motion.

**SO ORDERED**, this the 18th day of January, 2019.

aks
*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**